### INDIAN RIDGE CANNING CO. v. THE CAPTAIN NICK et al.
### No. 1736 Admiralty.

United States District Court
E. D. Louisiana, New Orleans Div.
July 30, 1951.

Jones, Flanders, Waechter & Walker and George Denegre, all of New Orleans, La., proctors for libelant.

John D., M. A. & Edwin H. Grace, New Orleans, La., proctors for respondents.

WRIGHT, District Judge.

The issues of fact and law in the above entitled suit having duly come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, I now find and decide as follows:

### Findings of Fact

1. Libelant, cross-respondent, Indian Ridge Canning Company, is a Louisiana corporation and on November 24, 1948, was the owner of the Trawler St. Martin No. I, a diesel driven shrimp trawler of an overall length of approximately sixty (60) feet with her pilot house and engine spaces forward of her ice hold.

2. Respondent, cross-libelant, Morgan City Packing Company, is a partnership composed of Bertoul Cheramie, Sr., Nelson G. Cheramie, Paterson J. Cheramie, Bertoul Cheramie, Jr., and Mrs. Rita Cheramie, wife of Early Trosclair, and on No-vember 24, 1948, the bareboat charterer of the Trawler Captain Nick, a diesel driven trawler type of an overall length of approximately forty (40) feet with her pilot house and engine spaces aft of her hold.

3. On the early morning of November 24, 1948, the Trawler St. Martin No. I was proceeding eastward in the Intracoastal Waterway in the vicinity of Houma, Louisiana, returning to Little Caillou Bayou from Morgan City, Louisiana. She was properly manned and fully equipped with navigation lights burning.

4. On the same morning the Trawler Captain Nick was proceeding westward at a speed of approximately 8 knots in the Intracoastal Waterway in the vicinity of Houma, Louisiana, loaded to four-fifths of her capacity in her hold and on deck with oysters. She was properly manned, fully equipped with navigation lights burning. The weather was clear with excellent visibility and bright moonlight.

5. At approximately 2 A.M. the St. Martin No. I after passing through the bridges at Houma was proceeding at a speed of approximately 10 knots holding to starboard at a distance of approximately thirty feet the south bank of the canal. Lirette, who was conning the vessel, observed another vessel later identified as the Captain Nick approaching from the opposite direction following the center of the canal, the channel of which has a width in this area of from 250 to 300 feet.

6. The distance between the two vessels continued to close with the vessels maintaining their relative positions in the channel. No whistle signals were sounded by either vessel. When the Captain Nick reached a point approximately 150 feet forward of the St. Martin No. I, without warning she sheered to port closing the 100 feet or more which separated the reciprocal courses of the two vessels and rammed her stem into the St. Martin's port bow thereby driving her bow toward the south bank of the canal and opening a large hole three feet wide in the St. Martin which extended from three feet above the water line to the keel. Lirette on observing the sheer of the Captain Nick re-

666

versed the St. Martin's engines reducing her headway to some extent but not materially.

7. Immediately after the collision the St. Martin came ahead with her engines and drove the sinking vessel a few feet into the bank beaching her on the bottom at the same time. The Captain Nick backed out of the hole she had made in the St. Martin and came alongside the south bank to stand by.

### Conclusions of Law.

1. This court has jurisdiction over the subject matter of this action and venue is properly laid in the Eastern District of Louisiana.

2. The Captain Nick was grossly at fault in sheering across the canal into the St. Martin No. I.

3. The collision and resulting damage were due solely to the gross fault of the Captain Nick.

4. The cross libel filed herein should be dismissed with prejudice.

5. The damages to the St. Martin No. I were incurred without the privity or knowledge of the Morgan City Packing Company, bareboat charterer of the Captain Nick, and at the time of the collision the Captain Nick was in all respects seaworthy. The bareboat charterer therefore is entitled to limit its liability to the value of the said trawler pursuant to 46 U.S.C.A. § 183.

Let a decree be prepared in accordance with these findings.